E-FILED 2020 APR 28 4:06 PM JASPER - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| JENNIFER L. PEDERSON, <br><br>Plaintiff, <br><br>v. <br><br>WINDSTREAM SERVICES, L.L.C., <br><br>Defendant. | NO. _____ <br><br><br>PETITION AT LAW AND <br>JURY DEMAND |

COMES NOW the plaintiff and sets forth her claims for relief and states:

1. Plaintiff is a resident of Newton, Jasper County, Iowa.

2. Defendant is an active Delaware limited liability company with its principal place of business in Little Rock, Arkansas.

3. Defendant employed Plaintiff until March 13, 2020. Plaintiff was terminated because of absences that should have been protected under the Family and Medical Leave Act ("FMLA").

4. This action seeks damages under the Family and Medical Leave Act for Defendant's discharge of Plaintiff in violation of the FMLA. It is brought pursuant to the FMLA's private enforcement provision, 29 U.S.C. § 2617(a)(1).

5. This court has jurisdiction over this action under 29 U.S.C. § 2617(a)(1).

6. Defendant constitutes an employer under 29 U.S.C. § 2611(4)(A).

7. Plaintiff qualified as an "eligible employee" under 29 U.S.C. § 2611(2).

8. During Plaintiff's employment with Defendant, Plaintiff suffered from migraine headaches severe enough to constitute a serious health condition under the FMLA and its implementing regulations.

**EXHIBIT A**

9. In February 2020, Defendant authorized intermittent FMLA leave for use when Plaintiff had a migraine flare-up episode. Plaintiff was initially allowed three such absences per month.

10. On February 18, 2020, Plaintiff's medical provider notified Defendant that Plaintiff needed up to ten days, not three, of intermittent leave per month for episodic migraine flare-ups. At that time, Plaintiff had missed more than three days for migraine flare-ups in February 2020.

11. Defendant denied Plaintiff's request to increase her intermittent leave allotment for migraine flare-ups to ten days per month beginning in February 2020.

12. Defendant terminated Plaintiff on March 13, 2020 because Plaintiff had exceeded her original allotment of three intermittent FMLA days for that month and Defendant denied Plaintiff's request to increase the allotment to ten per month beginning in February 2020.

13. Under 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

14. Plaintiff was entitled to up to twelve weeks of leave pursuant to 29 U.S.C. § 2612(a)(1).

15. Defendant violated 29 U.S.C. § 2615(a)(1) by terminating Plaintiff for absences caused by Plaintiff's migraine headache flare-ups even though Plaintiff was entitled to FMLA protection for such absences.

16. Defendant's aforesaid acts and omissions were not in good faith and Defendant did not have reasonable grounds for believing that its acts omissions did not violate 29 U.S.C. § 2615(a)(1).

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount sufficient to fully and fairly compensate Plaintiff for Defendant's FMLA violation, together with liquidated damages, reasonable attorney fees, interest thereon as provided by law, and the costs of this action.

## JURY DEMAND

COMES NOW the plaintiff and demands a trial by jury of all of the issues in the above cause of action.

/s/ *Harley C. Erbe*

Harley C. Erbe, AT002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: harleyerbe@erbelaw.com

ATTORNEY FOR PLAINTIFF